**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

AUG 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID MEYBERG; NEW SANTA CRUZ
SURF SCHOOL, LLC,

  Plaintiffs-Appellants,

 v.

CITY OF SANTA CRUZ; CAROL
SCURICH, individually and as Director of
Santa Cruz City Department of Parks and
Recreation; ED GUZMAN; RICK
MARTINEZ, Chief Deputy of Santa Cruz
Police Department; JEFFREY AULDRIGE;
LEE BUTLER; ERIC MARLATT; ALEX
KHOURNY; DONALD TIMOTEO;
ADAM BAKER; LAURA LANDRY; JOE
GRANDA; NANCY CONCEPCION;
JACOB RODRIGUEZ; RICHARD
SUCHOMEL; CLUB ED, INC.,

  Defendants-Appellees.

No.   20-16229

D.C. No. 5:19-cv-00700-NC

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted July 9, 2021[]
San Francisco, California

Before: GRABER, MURGUIA, and LEE, Circuit Judges.

After the City of Santa Cruz refused to issue an operating permit to his surf school, David Meyberg sued the City and many of its employees. He alleged, among other things, that the City violated the Sherman Antitrust Act, 15 U.S.C. § 1, by limiting the number of surf school permits available and that a City employee violated his First Amendment rights by preventing him from operating his surf school in retaliation for his prior litigation. The district court dismissed his claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of a motion to dismiss, *Shames v. Cal. Travel & Tourism Comm'n*, 626 F.3d 1079, 1082 (9th Cir. 2010), and we affirm.

1. <u>Sherman Antitrust Act</u>: Because Congress cannot accidentally abrogate state sovereignty, the Supreme Court in *Parker v. Brown* announced the "state action" immunity doctrine, cabining the Sherman Antitrust Act to non-state actors. 317 U.S. 341, 351–52 (1943). But we "recognize[] state-action immunity only when it is clear that the challenged anticompetitive conduct is undertaken pursuant to a regulatory scheme that is the State's own." *Chamber of Com. v. City*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of Seattle*, 890 F.3d 769, 781 (9th Cir. 2018) (internal quotation marks and citation omitted).

The Supreme Court later extended this immunity to local government entities as long as the challenged action was "undertaken pursuant to a 'clearly articulated and affirmatively expressed' state policy to displace competition." *FTC v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 226 (2013) (quoting *Cmty. Commc'ns Co. v. Boulder*, 455 U.S. 40, 52 (1982)). And "[t]o pass the 'clear articulation' test, a state legislature need not expressly state . . . that the legislature intends for the delegated action to have anticompetitive effects." *Id.* (citation and internal quotation marks omitted). Rather, the clear articulation test is satisfied "if the anticompetitive effect [is] the 'foreseeable result' of what the State authorized." *Id.* at 226–27 (citation omitted).

The district court held that the City lawfully limited the number of permits for surf schools on its beaches because California Government Code section 65850 and the California Coastal Act, Cal. Pub. Res. Code § 30001 *et seq.*, evince a clear articulation of California's intent to extend its "state action" antitrust immunity to Santa Cruz's permitting ordinance. Thus, we must determine whether these state laws "confer 'express authority to take action that *foreseeably* will result in anticompetitive effects.'" *Hass v. Or. State Bar*, 883 F.2d 1453, 1457 (9th Cir. 1989) (quoting *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 43–44 (1985)).

We agree with the district court's reasoning. California Government Code section 65850 states that any city may adopt ordinances to regulate "the use of . . . land as between industry, business, residences, open space, including agriculture, recreation, enjoyment of scenic beauty, use of natural resources, and other purposes," as well as the "size and use of . . . open spaces." Cal. Gov't Code § 65850(a), (c)(2). And the Coastal Act affirms "basic goals . . . for the coastal zone," which include "[a]ssurn[ing] orderly, balanced utilization and conservation of coastal zone resources," and "[m]aximiz[ing] public access to and along the coast and mazimiz[ing] public recreational opportunities in the coastal zone consistent with sound resources conservation principles." Cal. Pub. Res. Code § 30001.5(b), (c). These two statutes provide clear guidance for expressly delegated zoning authority. In sum, it is foreseeable that, in pursuit of State goals embodied in the Coastal Act, the City will use its lawfully delegated zoning powers to limit business activity on public beaches.

Indeed, in *City of Columbia v. Omni Outdoor Advertising, Inc.*, South Carolina zoning laws authorized an anti-competitive city ordinance regulating the size, location, and spacing of billboards, thereby immunizing the ordinance from antitrust enforcement. 499 U.S. 365, 373 (1991). The Court explained that "[t]he very purpose of zoning regulation is to displace unfettered business freedom in a manner that regularly has the effect of preventing normal acts of competition[.]" *Id*.

4

at 373. Like the South Carolina statute, section 65850(a) authorizes the City to regulate the use of "land as between industry, business . . . open space, including . . . recreation, enjoyment of scenic beauty, use of natural resources, and other purposes." Cal. Gov't Code § 65850(a). Surely, if "[t]he very purpose of zoning regulation is to displace unfettered business freedom," then a restriction on new entrants into the surfing school market is a foreseeable consequence of a statute authorizing restrictive zoning on a beach popular with surfing schools. *Omni*, 499 U.S. at 373.

Plaintiffs' argument that *Omni* applies only to "fixed structures" is unpersuasive. If the City may limit the number of businesses in a zone, then that power applies to all businesses, fixed or not. The contention that the City's regulation impermissibly limits competition because there are less restrictive alternatives available also fails. After all, because section 65850 satisfies the test for state-action immunity, the City is exempt from federal antitrust law.

2.      First Amendment: We also affirm the district court's dismissal of the First Amendment claim because Meyberg has not plausibly pled his retaliation theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He must allege facts showing that "the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)).

Meyberg maintains that, because a City employee, Carol Scurich, was one of many named parties in a 2007 lawsuit in which he acted as counsel, "there is more than a 'suggestion' that SCURICH would have been aware of MEYBERG as the attorney who litigated a suit against her." But even if Scurich knew who he was, let alone remembered him as co-counsel in litigation roughly a decade earlier, Meyberg failed to plead facts plausibly supporting an inference that "the protected activity was a substantial or motivating factor in [Scurich's] conduct." *Id.* (citation omitted); *see Iqbal*, 556 U.S. at 679–80.

Finally, the district court did not abuse its discretion in denying Meyberg's request to file a Fourth Amended Complaint. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016). Despite multiple opportunities, Meyberg has not been able to articulate a plausible theory of Sherman Act or First Amendment violation. It would be futile to allow him yet another chance.

**AFFIRMED.**